## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Clark Capital Management Group, Inc.                :
                                                    :
                    Plaintiff,                      :   Civil Action No.:
                                                    :
        v.                                          :   JURY TRIAL DEMANDED
                                                    :
Rudolph Management, Ltd.                            :
                                                    :
                    Defendant.                      :
                                                    :

### COMPLAINT

Plaintiff, Clark Capital Management Group, Inc. ("Plaintiff" or "Clark Capital"), by and through its undersigned attorneys bring this complaint against Defendant, Rudolph Management, Ltd. ("Defendant" or "Rudolph Management") for trademark infringement, unfair competition, and breach of contract, in violation of federal and state law, and alleges as follows:

### INTRODUCTION

1.      This is an action for:  (i) Trademark Infringement under the Lanham Act; (ii) Unfair Competition, False Designation of Origin and False Association under the Lanham Act; and (iii) Breach of Contract.

2.      Clark Capital is an independent asset management firm that provides financial counseling and planning services.

3.      Clark Capital uses and has used the term "NAVIGATOR®," as well as variations thereof, in connection with its financial counseling and planning services since at least as early as March 10, 1987, and Clark Capital owns numerous U.S. trademark registrations comprising of or incorporating "NAVIGATOR®" covering those services (collectively, the "NAVIGATOR® Marks").

4.      In August of 2009, Clark Capital instituted an opposition proceeding ("Opposition") against Rudoph Management before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") which culminated in a March of 2010 Undertaking ("Undertaking") by which Rudoph Management agreed to amend its United States Application Number ("U.S. App. No.") 77/640,029 for NET WORTH NAVIGATOR to expressly exclude from the identification of services "any software, product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds."  *See* Undertaking at ¶ 1.   Rudoph Management additionally expressly acknowledged Clark Capital's "right to object if [Rudoph Management] expands its use of the NET WORTH NAVIGATOR mark outside of the scope" of the amended identification of services.  *Id.* at ¶ 3.

5.      In direct violation of the Undertaking, Rudolph Management has expanded the scope of its use of the NET WORTH NAVIGATOR Mark to encompass software, products, or services used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds.

6.      On June 20, 2017, Rudolph Management cancelled U.S. App. No. 77/640,029 for NET WORTH NAVIGATOR and on September 26, 2017, obtained United States Registration Number ("U.S. Reg. No.") 5295297 ("Infringing Navigator Registration") for NET WORTH NAVIGATOR in connection with "[a]ssistance, advisory services and consultancy with regard to business planning, business analysis, business management, and business organization relating to micro credits, micro finance and energy products; Brand imagery consulting services; Business advice and information relating to loans, finance and capital; Business consultation; Business management consulting with relation to strategy, financing, marketing, production, personnel and

2

sale matters for companies involved with thin film and nano technologies and plasma processes" in International Class 35 (the "NET WORTH NAVIGATOR Mark"). The Infringing Navigator Registration did not expressly exclude from the identification of services "any software, product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds." *See* Undertaking at ¶ 1.

7.      In July of 2012, Clark Capital initiated an action against Rudolph Management for trademark infringement of its NAVIGATOR® Marks ("Federal Action") which was resolved via a Settlement Agreement dated February 27, 2013 ("Agreement") whereby Rudoph Management agreed that it would "never use, register, or apply to register . . . [a] mark that includes NAVIGATOR . . . in connection with financial and/or investment services, including investment fund management, investment fund services, investment advisory and investment consulting services" ("the Infringing Services"). *See* Agreement ¶ 5.

8.      Rudoph Management has recently adopted and used the term SUCCESS NAVIGATOR (the "SUCCESS NAVIGATOR Mark") in connection with the same investment advisory services that Clark Capital provides in connection with its NAVIGATOR® Marks, infringing upon and negatively impacting Clark Capital's longstanding and incontestable rights in and to the NAVIGATOR® Marks and breaching its various agreements with Clark Capital (collectively, the NET WORTH NAVIGATOR Mark and the SUCCESS NAVIGATOR Mark will be referred to herein as the "Infringing Navigator Marks").

9.      Clark Capital now seeks injunctive relief, compensatory damages, willful damages, statutory damages, attorneys' fees, and costs against Rudolph Management for breach of contract, trademark infringement, unfair competition, and false designation of origin.

**PARTIES**

10.     Clark Capital is a Pennsylvania corporation with a place of business at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, PA 19103.  Clark Capital is the owner of the intellectual property at issue in this case.

11.     Rudolph Management is an Ohio limited liability company, with a principal address of 141 East Town Street, Suite 200, Columbus, OH 43215.

**JURISDICTION AND VENUE**

12.     This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and common law.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

13.     This Court may exercise personal jurisdiction over Rudolph Management.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, Rudolph Management should reasonably expect that its activities might have consequences herein.  Moreover, Pennsylvania's long arm statute, 42 Pa. C.S.A. § 5322(a), confers personal jurisdiction over Rudolph Management because Rudolph Management's business activities within the Commonwealth of Pennsylvania and in this judicial district are directly and/or indirectly infringing upon Plaintiff's rights, and otherwise causing harm to Plaintiff.

14.     This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

15.     This Court also has supplemental jurisdiction over the common law claims asserted herein since they are so related to those over which the Court has original jurisdiction as to form part of the same case or controversy.  Therefore, this court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the relevant events, including Defendant's tortious actions, particularly its trademark infringement, unfair competition and false designation, occurred in this District.

**BACKGROUND AS TO PLAINTIFF'S**
**BUSINESS AND ITS INTELLECTUAL PROPERTY**

17.     Clark Capital is an independent asset management firm that provides financial counseling and planning services, including, but not limited to, investment advisory services, investment counseling, wealth management, asset allocation, and retirement planning services to its customers, such as individuals, corporations, and institutions throughout the United States (the aforementioned products and services shall collectively be referred as the "Clark Capital Financial Services").

18.     Clark Capital has adopted and continuously and exclusively used numerous trademarks comprising of or incorporating the term "NAVIGATOR" since at least as early as March 10, 1987, and Clark Capital owns numerous U.S. trademark registrations comprising of or incorporating "NAVIGATOR" in connection with the Clark Capital Financial Services.

19.     On September 21, 1990, Clark Capital filed an application for registration of the trademark NAVIGATOR® with the USPTO in connection with "investment advisory services in the field of stocks and mutual funds" in Class 036, with a date of first use at least as early as March 10, 1987.  On October 29, 1991 the USPTO registered the NAVIGATOR® Mark on the Principal Register (U.S. Reg. No. 1,662,756).  By virtue of Clark Capital's continuous use of the NAVIGATOR® Mark over the last thirty plus (30+) years, the Mark has attained incontestable status.

20.     On July 10, 1998, Clark Capital filed an application for registration of the trademark NAVIGATOR FUND® with the USPTO in connection with "investment advisory services in the

5

field of stocks and mutual funds" in Class 036, with a date of first use at least as early as April 1, 2002.  On October 22, 2002 the USPTO registered the NAVIGATOR FUND® Mark on the Principal Register (U.S. Reg. No. 2,639,961).  By virtue of Clark Capital's continuous use of the NAVIGATOR FUND® Mark over the last twenty plus (20+) years, the Mark has attained incontestable status.

21.     On March 4, 2009, Clark Capital filed an application for registration of the trademark NAVIGATOR® with the USPTO in connection with, *inter alia*, "investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services" in Class 036, with a date of first use at least as early as March 10, 1987.  On October 20, 2009 the USPTO registered the NAVIGATOR ® Mark in connection with the aforementioned services on the Principal Register (U.S. Reg. No. 3,698,185). By virtue of Clark Capital's continuous use of the NAVIGATOR® Mark since its registration, the Mark has attained incontestable status.

22.     On September 12, 2008, Clark Capital filed an application for registration of the design and word mark *navigator* ® with the USPTO in connection with, *inter alia*, "investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services" in Class 036, with a date of first use at least as early as January 2, 2006.  On April 21, 2009 the USPTO registered the *navigator* ® Mark on the Principal Register (U.S. Reg. No. 3,608,683). By virtue of Clark Capital's continuous use of the *navigator* ® Mark since its registration, the Mark has attained incontestable status.

6

23.     Clark Capital's NAVIGATOR® Marks are distinctive and exclusive source-identifiers for Clark Capital's financial goods and services.  Since 1987, Clark Capital has expanded its use of the term "NAVIGATOR" and the NAVIGATOR® Marks have acquired substantial and invaluable goodwill in connection therewith.

24.     Clark Capital owns all rights, titles and interests in and to the NAVIGATOR® Marks, including the registrations therefore.  Clark Capital is the exclusive owner of any and all federal, state and common law rights and goodwill associated with the NAVIGATOR® Marks.

25.     Through its widespread, continuous, and exclusive use of the NAVIGATOR® Marks to identify the Clark Capital Financial Services and Clark Capital as their source, Clark Capital's NAVIGATOR® Marks have become well-known throughout the financial planning and wealth management industry.

26.     Clark Capital has expended significant time, money, and resources marketing, advertising, and promoting its financial planning and wealth management services under the NAVIGATOR® Marks.

27.     The market success of the Clark Capital Financial Services offered under the NAVIGATOR® Marks has been extraordinary, and the relevant public has come to rely upon and recognize the Clark Capital Financial Services in connection with Clark Capital's NAVIGATOR® Marks.

28.     Clark Capital has vigorously policed and defended its NAVIGATOR® Marks against infringers and potential infringers.  Clark Capital has filed numerous Opposition proceedings with the TTAB to prevent the registration of conflicting marks and/or marks that would lead to a likelihood of confusion with the NAVIGATOR® Marks.  Clark Capital has also

filed suit in federal district court on numerous occasions in order to protect its NAVIGATOR®
Marks.

29.     In connection with these policing efforts, Clark Capital instituted the Federal
Action which was settled via the Agreement whereby Rudoph Management agreed that it would
"never use, register, or apply to register . . . [a] mark that includes NAVIGATOR . . . in connection
with financial and/or investment services, including investment fund management, investment
fund services, investment advisory and investment consulting services." *See* Agreement § 5.

30.     Clark Capital recently became aware that Rudolph Management is using the
Infringing Navigator Marks in connection with services that are identical to the Clark Capital
Financial Services, including, but not limited to, investment advisory services.

31.     Clark Capital has reminded Rudolph Management of Clark Capital's
NAVIGATOR® Marks and its contractual obligations per the Agreement and requested that
Rudoph Management permanently cease all use of the Infringing Navigator Marks and/or any
other designation confusingly similar to Clark Capital's NAVIGATOR® Marks pursuant to the
Agreement.

**BACKGROUND AS TO RUDOLPH MANAGEMENT'S UNLAWFUL CONDUCT**

32.     On December 25, 2008, Rudolph Management filed an application for registration
of NET WORTH NAVIGATOR with the USPTO in connection with, in part, "business
consultation; business management consulting with relation to strategy, financing, marketing,
production, personnel and sale matters for companies involved with thin film and nano
technologies and plasma processes" in International Class 35 (U.S. App. No. 77/640,029) with a
first use in commerce date of January 4, 2006.

33.     On August 19, 2009, Clark Capital filed its Opposition before the TTAB.
Thereafter, Rudolph Management executed the Undertaking by which its agreed to amend  U.S.

App. No. 77/640,029 to expressly exclude from the identification of services "any software, product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds." *See* Undertaking at ¶ 1.  Rudoph Management additionally expressly acknowledged Clark Capital's "right to object if [Rudoph Management] expands its use of the NET WORTH NAVIGATOR mark outside of the scope" of the amended identification of services.  *Id.* at ¶ 3.

34.     On March 26, 2010, Rudolph Management requested that the TTAB permit it to amend the goods and services description of its U.S. App. No. 77/640,029 to read as follows: "[b]usiness consultation, namely, computation of the total net worth of an individual's or entity's assets, specifically excluding any software, product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds."  On April 23, 2010, the TTAB approved and entered the amendment of goods and services and on April 24, 2010, Clark Capital withdrew the Opposition.

35.     On June 20, 2017, Rudolph Management cancelled U.S. App. No. 77/640,029 for NET WORTH NAVIGATOR and on September 26, 2017, obtained the Infringing Navigator Registration for the NET WORTH NAVIGATOR Mark in connection with "[a]ssistance, advisory services and consultancy with regard to business planning, business analysis, business management, and business organization relating to micro credits, micro finance and energy products; Brand imagery consulting services; Business advice and information relating to loans, finance and capital; Business consultation; Business management consulting with relation to strategy, financing, marketing, production, personnel and sale matters for companies involved with thin film and nano technologies and plasma processes" in International Class 35. The Infringing Navigator Registration did not expressly exclude from the identification of services "any software,

product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds." *See* Undertaking at ¶ 1.

36.     On December 14, 2023, Rudolph Management filed an application for registration of the trademark SUCCESS NAVIGATOR with the USPTO in connection with "investment advisory services" in International Class 36 (U.S. App. No. 98/315,066). ("The Infringing Navigator Application").   The Infringing NAVIGATOR Application claimed a first use in commerce date of January 4, 2006.

37.     On its website at https://rudolphltd.com/ ("Infringing Website"), Rudolph Management is using the Infringing Navigator Marks in connection with the Infringing Services, services that are identical to the Clark Capital Financial Services, including but not limited to, investment advisory services. *See* Exhibit A.

38.     The Infringing Navigator Marks are confusingly similar in sound, appearance, and overall commercial impression to Clark Capital's NAVIGATOR® Marks.

39.     Rudolph Management offers identical investment advisory services to those Clark Capital offers in connection with its NAVIGATOR® Marks, and in the same or similar channels of trade.

40.     In light of Clark Capital's continued use of NAVIGATOR® dating back to at least as early as 1987 and its numerous federal registrations for the NAVIGATOR® Marks, the NAVIGATOR® Marks have priority over Rudolph Management's Infringing Navigator Marks.

41.     Given Clark Capital's significant, longstanding, continuous and exclusive use of its NAVIGATOR® Marks, the Opposition and subsequent Undertaking, and the Federal Action and subsequent Agreement, Rudolph Management had knowledge of the existence of and Clark Capital's use and ownership of, the NAVIGATOR® Marks, in connection with the Clark Capital

Financial Services, prior to Rudolph Management's adoption of the Infringing Navigator Marks, filing of the Infringing Navigator Registration and Infringing Navigator Application, and the use on the Infringing Website.

42.     On January 11, 2024, Clark Capital sent a letter to Rudolph Management to remind it of its obligations pursuant to the Agreement; again advise of its rights in and to the various NAVIGATOR® Marks; discuss its concern that consumers are likely to confuse Rudolph Management's use of the Infringing Navigator Marks with Clark Capital's use of its various NAVIGATOR® Marks; and demand that Rudolph Management cease all use of the Infringing Navigator Marks and amend the Infringing Navigator Application to delete any and all references to "investment advisory services."

43.     Despite being informed that the Infringing Navigator Marks, the Infringing Navigator Application and the Infringing Website violate the Agreement and infringe upon Clark Capital's rights, Rudolph Management has failed to cease its activities.

44.     Despite Rudolph Management's actual knowledge of its infringement of the NAVIGATOR® Marks, Rudolph Management has failed to cease its infringing activities and continues to use the Infringing Navigator Marks in connection with the Infringing Services.

45.     Despite Rudolph Management's actual knowledge of its breach of the Agreement, Rudolph Management has failed to cease its infringing activities and continues to use the Infringing Navigator Marks in connection with the Infringing Services.

46.     Clark Capital's NAVIGATOR® Marks, as well as the Registrations for those Marks, are valid and Clark Capital has the exclusive right to use those Marks.   Rudolph Management is not affiliated with Clark Capital nor its NAVIGATOR® Marks in any way.

11

Rudolph Management is not a licensee of, nor is otherwise authorized to use, the NAVIGATOR®

Marks nor the confusingly similar Infringing Navigator Marks.

47.     Rudolph Management's use of the Infringing Navigator Marks, including, but not

limited to, its prominent and conspicuous use of the Infringing Navigator Marks on the Infringing

Website, in connection with the Infringing Services, has infringed upon, and continues to infringe

upon, Clark Capital's NAVIGATOR® Marks.

48.     Rudolph Management's use of the Infringing Navigator Marks, including, but not

limited to, its prominent and conspicuous use of the Infringing Navigator Marks on the Infringing

Website, in connection with the Infringing Services, is in clear violation of its express contractual

obligations per the Undertaking and the Agreement.

49.     Rudolph Management's use of the Infringing Navigator Marks is likely to cause

confusion with Clark Capital's NAVIGATOR® Marks in the industry and amongst the consuming

public, if it has not done so already.

50.     As of the filing of this action, Rudolph Management has made no attempts to

discontinue its use of the Infringing Navigator Marks, nor its infringement of the NAVIGATOR®

Marks.

51.     Unless restrained, Rudolph Management's unauthorized and unlawful use of the

Infringing Navigator Marks will continue to cause Clark Capital harm, including, but not limited

to, irreparable harm for which there is no adequate remedy at law.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT

52.     Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing

paragraphs as though they were fully set forth at length herein.

53.     Clark Capital is the owner of the NAVIGATOR® Marks, as well as the federal

trademark registrations for the NAVIGATOR® Marks.  These federal trademark registrations are

evidence of Clark Capital's exclusive right to use the NAVIGATOR® Marks in connection with the Clark Capital Financial Services.

54.     Clark Capital's NAVIGATOR® Marks have acquired incontestable status.  Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered marks, of Clark Capital's ownership of the marks, and of Clark Capital's exclusive right to use the registered marks in commerce in connection with the Clark Capital Financial Services.  *See* 15 U.S.C. §1115.

55.     The NAVIGATOR® Marks are distinctive in connection with the Clark Capital Financial Services for both the consuming public, as well as those within the financial planning and wealth management industry.

56.     Clark Capital's well-known NAVIGATOR® Marks and the Infringing Navigator Marks are similar in sound, appearance, and meaning.  The marks create the same commercial impression and are confusingly similar.

57.     Rudolph Management's Infringing Navigator Marks wholly encompass Clark Capital's NAVIGATOR® Marks and are thus similar in appearance, sound, and meaning.

58.     Rudolph Management provides the Infringing Services in connection with the Infringing Navigator Marks.  These services directly overlap with the Clark Capital Financial Services, which include financial planning, wealth management and investment advisory services.

59.     Rudolph Management's use of the Infringing Navigator Marks for identical services will likely lead to confusion, mistake, or deception of the public and will otherwise cause injury and damage to Clark Capital and its NAVIGATOR® Marks, as well as its goodwill and reputation, and may have done so already.

60.     Rudolph Management has infringed upon Clark Capital's NAVIGATOR® Marks in interstate commerce by various acts, including its use of the Infringing Navigator Marks in connection with the Infringing Services.

61.     The activities of Rudolph Management complained of herein constitute willful and intentional infringement of Clark Capital's federally registered NAVIGATOR® Marks, in derogation of Clark Capital's rights.  Acts of infringement commenced and have continued despite Rudolph Management's knowledge that its use of the Infringing Navigator Marks was and is in contravention of Clark Capital's trademark rights.

62.     Clark Capital has not given consent directly or indirectly to Rudolph Management to use the NAVIGATOR® Marks, nor any mark similar thereto.

63.     Rudolph Management's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its NAVIGATOR® Marks and in its business, reputation, and goodwill.

64.     Rudolph Management's actions constitute knowing, deliberate and willful infringement of Clark Capital's federally registered NAVIGATOR® Marks.  The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C § 1117(a)-(b).  As such, Clark Capital is entitled to its attorneys' fees and the costs of this action, as well as treble damages for Rudolph Management's use of an infringing mark.

65.     As a direct and proximate result of Rudolph Management's infringement, Clark Capital has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Clark Capital in its NAVIGATOR® Marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for

14

which Clark Capital has no adequate remedy at law. Clark Capital will continue to suffer irreparable harm unless this Court enjoins Rudolph Management's conduct.

## COUNT II - FEDERAL UNFAIR COMPETITION PER SECTION 43(a) OF THE LANHAM ACT SECTION 15 U.S.C. § 1125(a)

66.     Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

67.     Clark Capital is the owner of the NAVIGATOR® Marks, including all common law rights and interests thereto. Clark Capital's rights and interests in and to the NAVIGATOR® Marks have priority over Rudolph Management's Infringing Navigator Marks.

68.     Clark Capital's incontestable NAVIGATOR® Marks are distinctive and have meaning and significance in the minds of the relevant public.

69.     Clark Capital and Rudolph Management are competitors, and both offer the same financial services, namely investment advisory services.

70.     Rudolph Management adopted and used the Infringing Navigator Marks in connection with the Infringing Services, including use in association with investment advisory services, long after Clark Capital's adoption and use of its NAVIGATOR® Marks in connection with the Clark Capital Financial Services.

71.     Rudolph Management's use of the confusingly similar Infringing Navigator Marks, in connection with the Infringing Services, is misleading to consumers, and is likely to cause confusion or mistake, or to deceive, as to: (1) the affiliation, connection, or association of Rudolph Management with Clark Capital; (2) the origin, sponsorship, or approval of the services or products Clark Capital sells under the NAVIGATOR® Marks; and/or (3) the origin, sponsorship or approval of services or products Rudolph Management sell under the Infringing Navigator Marks.

72.     Rudolph Management's activities are likely to cause great harm to Clark Capital's reputation and goodwill, if they have not done so already.

73.     Rudolph Management has unfairly competed with Clark Capital's NAVIGATOR® Marks in interstate commerce by various acts, including using and adopting and/or intending upon using the Infringing Navigator Marks in connection with the Infringing Services, which are services identical to the Clark Capital Financial Services.  This unauthorized use by Rudolph Management constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     The activities of Rudolph Management complained of herein constitute a willful and intentional tort, in derogation of Clark Capital's rights.  Acts of unfair competition commenced and have continued despite Rudolph Management's knowledge that the use of the Infringing Navigator Marks in connection with the Infringing Services, was and is in contravention of Clark Capital's rights.

75.     Clark Capital has not given consent directly or indirectly to Rudolph Management to use the NAVIGATOR® Marks, or any mark similar thereto, in the manner in which Rudolph Management is using such marks.

76.     Rudolph Management's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its NAVIGATOR® Marks and in its business, reputation, and goodwill.  As such, Clark Capital seeks preliminary and permanent injunctive relief to prevent any further irreparable harm as a result of Rudolph Management's use of the Infringing Navigator Marks.

77.     Clark Capital is entitled to all the remedies available under the Lanham Act (*e.g.,* 15 U.S.C. §1117), including, but not limited to: injunctive relief; compensatory damages to be

proven at trial; an accounting of Defendant's profits and disgorgement of same; and reasonable attorneys' fees due to the exceptional nature of this action.

## COUNT III – BREACH OF CONTRACT

78.     Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein

79.     The Undertaking entered into by Rudolph Management is valid and enforceable.

80.     Rudolph Management owes contractual duties to Clark Capital by virtue of the Undertaking.   Specifically, Rudolph management is obligated not to expand its use of NET WORTH NAVIGATOR to include "any software, product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds." *See* Undertaking at ¶¶ 1, 3.

81.     Clark Capital has fully performed its obligations under the Undertaking.

82.     Rudolph Management materially breached the Undertaking when it commenced use of NET WORTH NAVIGATOR in connection with the Infringing Services.

83.     Rudolph Management materially breached the Undertaking when it filed the Infringing Navigator Registration without expressly excluding from the identification of services "any software, product, or service used in connection with investment advisory, asset allocation, or financial services including annuities, stocks, bonds and mutual funds." *See* Undertaking at ¶ 1.

84.     The Agreement entered into by Clark Capital and Rudolph Management is valid and enforceable.

85.     Rudoph Management owes contractual duties to Clark Capital by virtue of the Agreement.  In particular, Rudolph Management is obligated to "never use, register, or apply to register . . . [a] mark that includes NAVIGATOR . . . in connection with financial and/or

17

investment services, including investment fund management, investment fund services, investment advisory and investment consulting services." *See* Agreement ¶ 5.

86.    Clark Capital has fully performed its obligations under the Agreement.

87.    Rudolph Management materially breached the Agreement when it filed the Infringing Navigator Registration and the Infringing Navigator Application.

88.    Rudolph Management materially breached both the Undertaking and the Agreement when it began using the Infringing Navigator Marks in connection with the Infringing Services on the Infringing Website and elsewhere.

89.    As a result of Rudolph Management's breaches of the Undertaking and the Agreement, Clark Capital has sustained damages.

90.    Rudolph Management's breach of the Undertaking and Agreement is willful.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Clark Capital prays for relief against Rudolph Management as follows:

1.    That the Court issue preliminary and permanent injunctive relief against Rudolph Management, and that Rudolph Management, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Rudolph Management, be (individually and collectively) preliminarily and permanently enjoined and restrained from making any further infringing use of the NAVIGATOR® Marks, and Rudolph Management's Infringing Navigator Marks, and any colorable imitation thereof on or in connection with the Clark Capital Financial Services, as well as any products related to such services;

2.    That the Court order Rudolph Management to pay Clark Capital's exemplary and treble damages pursuant to 15 U.S.C. §1117;

3.      That the Court order Rudolph Management to pay Clark Capital's reasonable attorney's fees incurred as a result of Rudolph Management's infringement and unfair competition;

4.      That the Court Order Rudolph Management to destroy or deliver up for destruction, at Rudolph Management's expense, all catalogs, web site materials, literature, brochures, quotes, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Rudolph Management that use the Infringing Navigator Marks or any other marks or designations similar to any of Clark Capital's NAVIGATOR® Marks;

5.      That the Court award Clark Capital its breach of contract damages;

6.      That the Court award Plaintiff its compensatory, incidental, and consequential damages;

7.      That the Court award Plaintiff enhanced, treble, and/or punitive damages; and

8.      That the Court grant Clark Capital such other further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Clark Capital demands a trial by jury on all triable issues of fact.


Dated:  March 13, 2024                    Respectfully submitted by:

                                          COZEN O'CONNOR


                                          */s/ Melanie A. Miller*
                                          Camille M. Miller – PA Bar ID No. 79670
                                          Melanie A. Miller – PA Bar ID No. 73499
                                          Anna Pedraza – PA Bar ID No. 332479
                                          COZEN O'CONNOR
                                          One Liberty Place
                                          1650 Market Street
                                          Philadelphia, PA 19103
                                          Tel. (215) 665-7273
                                          Fax. (215) 701-2273
                                          cmiller@cozen.com
                                          mmiller@cozen.com
                                          apedraza@cozen.com

                                          *Attorneys for Clark Capital Management Group, Inc.*